IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

OMAR GREGGS,

          Movant,

v.                                      CIVIL ACTION NO.  5:04-cv-00883
                                      (Criminal No. 5:02-cr-00026-02)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION**

By Standing Order entered on July 21, 2004, and filed in this case on August 17, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed his PF&R on August 6, 2007 [Docket 144]. In that filing, the magistrate judge recommended that this Court deny Movant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket 127], and remove this matter from the Court's active docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). *See also Page v. Lee*, 337

F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected). Here, Movant filed timely objections to Magistrate Judge VanDervort's PF&R on September 12, 2007.

## *I. BACKGROUND*

The full factual and procedural history of this action and Movant's related criminal case (Criminal Action No. 5:02-26-02) is set forth in the PF&R. On August 16, 2004, Movant filed the instant action pursuant to 28 U.S.C. § 2255. Movant's § 2255 motion states three bases for relief: (1) the indictment failed to charge an independent/substantive offense, and omitted an essential element of the charged offense in violation of his fifth amendment and his sixth amendment rights; (2) officers of the Court conspired to amend his charged offense at the sentencing phase; and (3) the Guideline enhancements were unconstitutionally applied in his case. On January 20, 2006, Movant filed a supplemental brief summarizing his grounds for relief and included an ineffective assistance of counsel claim, which the magistrate judge construed as an amendment to his motion.

On April 27, 2006, Movant filed another memorandum in support of his § 2255 motion. In this memorandum, Movant claims that his conviction was obtained in violation of the Fifth and Sixth Amendments of the United States Constitution and the laws of the United States based on the seven grounds listed on pages 4-5 of the PF&R. (*See* Docket 144.)

In his PF&R, Magistrate Judge VanDervort recommends denying Movant's § 2255 motion because all of his bases for relief lack merit.

*II. OBJECTIONS TO THE PF&R*

Movant objects to the magistrate judge's recommendation with regard to his claims that (1) it was a constitutional error to sentence him as if he had been convicted of a specified drug amount; (2) that this Court was without jurisdiction to sentence him under "21 U.S.C. [§] 841(b)(A)III and the applicable statute [sic] U.S.S.G. sentencing schemes since those sentencing schemes . . . [are] in violation of the fifth and sixth Amendments;" and (3) his counsel was ineffective. Accordingly, Movant has waived his right of review with regard to the other claims contained in his § 2255 motion and supplemental briefs. Therefore, the Court **ADOPTS** the magistrate judge's recommendation to dismiss those claims.

With respect to Movant's argument that it was a constitutional error to sentence him as if he had been convicted of a specified drug amount, the magistrate judge found that "Count Two of the Indictment was clearly in conformity with Rule 7(c) of the Federal Rules of Criminal Procedure . . . ." (Docket 144 at 8.) Further, the magistrate judge stated that "[t]he Indictment alleged that Movant and Mr. Caldwell distributed and aided and abetted each other in distributing fifty grams or more of cocaine base on or about January 2, 2002, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Indictment therefore identified Movant as committing a specific violation of federal law involving a specific amount of a specific controlled substance on or about a specific date." (*Id*. at 8-9.) Movant objects to this finding on the bases that the jury is required to make a finding as to the type of drug and the amount, and that "the drug quantity is a critical element which must be plainly set out in the indictment." (Docket 151 at 8.) Movant's objection is without merit. The indictment clearly charged the specific threshold drug quantity of fifty grams or more of cocaine base, and the jury found him guilty of that offense as charged in the indictment. *See Apprendi v.*

*New Jersey,* 530 U.S. 466 (2000); *United States v. Promise*, 255 F.3d 155, 163 (4th Cir. 2001) (en banc); (Docket 127 at 14-16) (the indictment and the jury verdict form).  An exact or more specific allegation in the indictment is not required.  *Promise,* 255 F.3d at 157 n.6 ("Under the rule we announce today, the jury need only determine whether drug quantity exceeds specified thresholds."); *see also United States v. DeLeon*, 247 F.3d 593, 597 (5th Cir. 2001) (holding that "an indictment's allegation of a drug-quantity range, as opposed to a precise drug quantity, is sufficient to satisfy *Apprendi* and its progeny"); *Derman v. United States*, 298 F.3d 34, 43 n.4 (1st Cir. 2002) ("This does not mean that a jury need return a special verdict describing the precise amount of drugs involved in the conspiracy. It is enough that the jury supportably determines, beyond a reasonable doubt, that the conspiracy involves a drug quantity that surpasses the threshold amount needed to trigger the relevant (higher) statutory maximum.").  Accordingly, contrary to his argument, the jury made the necessary finding of guilt based on the drug threshold and type charged in the indictment.  Thus, Movant's objection is **OVERRULED**.

Next, Movant argues that the Court is without jurisdiction because the enactment of the federal statutory scheme in 21 U.S.C. § 841 is unconstitutional.  The specifics of his argument are unintelligible.  Nonetheless, the general basis of his objection is undermined by the fact that courts have upheld § 841 as constitutional.  *See, e.g.*, *United States v. McCallister*, 272 F.3d 228, 232 (4th Cir. 2001) (§ 841 is not facially unconstitutional).  Further, as discussed above, Movant's indictment charged the specific threshold drug quantity of fifty grams or more of cocaine base, which was found by the jury beyond a reasonable doubt.  *Id.*; *see also Promise*, 255 F.3d at163.  Therefore, Movant's second objection is likewise **OVERRULED**.

In addressing Movant's ineffective assistance of counsel argument, the magistrate judge found that "Movant cannot demonstrate that his trial and appellate attorney's performance was objectively deficient or unreasonable or that the results in the District and Appellate Courts would have been different had his trial and appellate attorney raised them." (Docket 144 at 10.) Movant objects to the magistrate judge's recommended finding that his counsel was not ineffective in his criminal case by stating that his attorney's assistance "fell well below the standards" established by *Strickland v. Washington*, 466 U.S. 668 (1984). However, Movant fails to put forth any specific factual or legal basis in support of his argument, and consequently fails to direct the Court to a specific error in the PF&R. *See Orpiano*, 687 F.2d at 47. As such, his objection to the ineffective assistance of counsel claim is also **OVERRULED**.

### III. CONCLUSION

Having overruled all of Movant's objections to the PF&R, the Court **ADOPTS** Magistrate Judge VanDervort's findings and recommendation. Accordingly, the Court hereby **DENIES** Movant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket 127]. A judgment order will be entered this day implementing the rulings contained herein.

ENTER: September 25, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE