# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:02-cr-00026-2

OMAR GREGGS,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

On April 3, 2002, Defendant was convicted at a jury trial of aiding and abetting the distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was subsequently sentenced, on August 19, 2002, to a term of imprisonment of 264 months.

In its memorandum response [Docket 181], the United States concedes that Defendant qualifies for consideration of a sentence reduction, but recommends that no reduction be granted. Defendant argues, in his memorandum response [Docket 183], for re-sentencing at the bottom of the new guideline range.

The Court concurs that Defendant is entitled to consideration of a sentence reduction. Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Court, however, has great discretion in determining if, and to what extent, such a reduction is warranted. In considering whether to reduce a sentence under § 3582, a district court is required to consider the relevant factors listed in 18 U.S.C. § 3553(a).

The applicable policy statement found in the Guidelines Manual also requires the Court to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and further permits the court to consider "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. §1B1.10, Application Note 1(B).

Having considered the aforesaid factors, the Court finds that Defendant is entitled to a sentence reduction under §3582. The Court, however, declines to give Defendant a full reduction at the bottom of the guideline range.

Defendant's original offense level was 34, resulting in a guideline custody range of 235-293 months. Defendant was sentenced in the middle of the guideline range to 264 months. Based on the 2-level crack amendment reduction, Defendant's recalculated offense level is 32, resulting in a guideline custody range of 188-235 months. The Court finds that a comparable sentence, in the middle of the guideline range, is appropriate.

In reaching this conclusion, the Court has taken into consideration the nature and circumstances of the offense as well as Defendant's history and characteristics. Defendant has a serious criminal history (category V, based on 12 criminal history points) which includes property crimes and crimes of violence.

The Court has also considered Defendant's post-offense conduct, which includes five disciplinary incidents. The Court notes Defendant's argument that the disciplinary incident reports have not been made available and that the specifics of the disciplinary incidents are not known. However, the Court believes it has adequate information to infer that Defendant's behavior while incarcerated has not been exemplary.

The Court has further considered the Defendant's enrollment in a GED program in May 2005.

Finally, and of more significance in the Court's decision, is the detainer filed by Hamilton County, Ohio, against Defendant for a 13-year sentence for aggravated murder and aggravated robbery. The Court finds that to now grant Defendant a full reduction in the instant case would fail

to adequately account for the serious nature of Defendant's conduct in Hamilton County, Ohio, and would fail to promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant.

Based on the foregoing considerations, Defendant's Section 3582 motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by **2** levels, resulting in a new total offense level of **32**. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of **211** months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: May 18, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE